**Michael N. Zachary**, OSB #04120
Email: michael.zachary@klarquist.com
**Stephen J. Joncus**, OSB # 01307
Email: stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300
Facsimile: 503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,** a Delaware corporation, | Civil No. 06 663PK |
| Plaintiff, | **COMPLAINT FOR TRADENAME AND SERVICEMARK INFRINGEMENT, FALSE DESIGNATION, AND UNFAIR COMPETITION** |
| v. | |
| **A.C.N., INC., d/b/a ANYCOLLEGE.NET,** a Minnesota corporation, | |
| Defendant. | **DEMAND FOR TRIAL BY JURY** |

CollegeNET, Inc., as and for its complaint, alleges as follows:

## THE PARTIES

1.  CollegeNET, Inc. (hereinafter "CollegeNET" or "Plaintiff" is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Portland, Oregon.

2.  A.C.N., Inc. d/b/a ANYCOLLEGE.NET, (hereinafter "ACN" or "Defendant") is a corporation organized and existing under the laws of the State of Minnesota, with a principal office at 403 Center Avenue, #704, Moorhead, Minnesota 56560.

## JURISDICTION AND VENUE

3.  This action arises, *inter alia*, under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* and the common law of the several states. This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121. Supplemental jurisdiction over the causes of action under state law is proper pursuant to 28 U.S.C. § 1367 as substantially related to those causes of action over which this Court has original jurisdiction.

4.  Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.  This action arises in material part from sales and marketing of services in Oregon.

## GENERAL ALLEGATIONS

6.  CollegeNET is in the business of providing, *inter alia*, web-based college-related computer database services, including online admissions application services. Hundreds of institutions of higher education ("colleges") across the United States have entered into contracts

with CollegeNET pursuant to which CollegeNET provides on-line application services, using CollegeNET's ApplyWeb® system.

7. Since at least as early as March 5, 1995, CollegeNET has been continuously engaged in the business of marketing and providing services in interstate commerce under the servicemark COLLEGENET®, including the operation of various Internet-accessible web sites that provide services including information on colleges, applying to college, preparing for college, and on-line completion and submission of college applications. On information and belief, CollegeNET has also been operating under the tradename "CollegeNET" since 1997. CollegeNET officially changed its name from Universal Algorithms to CollegeNET at the beginning of May, 1999.

8. CollegeNET's ownership of the COLLEGENET® mark is a matter of public record. CollegeNET owns United States Trademark Registration No. 2,045,384 for the mark COLLEGENET®, registered on March 18, 1997, in International Class 42 for "providing access to an interactive computer database in the field of colleges, universities and other educational facilities; computer programming for others; and computer services, namely, leasing access time to a computer database in the field of colleges, universities and other educational institutions."

9. CollegeNET also owns U.S. Trademark Registration Nos. 3,027,453 in connection with, inter alia, "communication services, namely, transmission of information relating to prospective students, for use by colleges, universities and other educational institutions via a global computer network," and 3,062,325 in connection with "providing an interactive computer database featuring information regarding admissions, courses, educational programs, faculty, alumni, academics, facilities, students, student activities, sports,

extracurricular activities in the field of colleges universities and other educational facilities; computer services, namely, providing an interactive computer database featuring information regarding admissions, courses, educational programs, faculty, alumni, academics, facilities, students, student activities, sports, extracurricular activities in the field of colleges universities and other educational facilities; education services, namely providing introductions between prospective students and faculty, staff and other administrative personnel of colleges, universities and other educational institutions," for the mark COLLEGENET. CollegeNET also has several pending applications in the United States Patent and Trademark Office for further registration of the mark COLLEGENET in connection with a variety of college-related services.

10. These Registrations are valid and subsisting, have not been canceled, and constitute *prima facie* evidence of the validity of the COLLEGENET® mark, of the registrations of said mark, of CollegeNET's ownership of said mark, and of CollegeNET's exclusive right to use the mark in commerce.

11. Registration No. 2,045,384 is incontestable pursuant to 15 U.S.C. § 1065.

12. As a result of CollegeNET's continuous and exclusive use of the COLLEGENET® mark since at least 1995, its long use of "CollegeNET" as its tradename, and the commercial success of its services marketed and sold under the COLLEGENET® mark, CollegeNET has achieved significant brand name recognition in the COLLEGENET® mark.

13. CollegeNET's COLLEGENET® mark has come to represent the valuable goodwill and reputation of CollegeNET in the market for college-related computer database-based services, which include among other things information on various colleges, information on applying to college and preparing for college, and on-line college application services. As a

result, the consuming public has come to expect that services marketed and sold under CollegeNET's COLLEGENET mark, or confusingly similar marks, are associated with CollegeNET.

14. Subsequent to CollegeNET's registration and use of the COLLEGENET® mark, and its use of the CollegeNET name, Defendant adopted and began using the phrase ANYCOLLEGE.NET as a tradename and as a trade or service mark in connection with the marketing and sales of college-related computer database-based services substantially similar to the services offered by CollegeNET under CollegeNET's COLLEGENET® mark. Such services include information about colleges and offering applicants the ability to apply online for admission to various colleges or other schools.

15. Defendant's usage of ANYCOLLEGE.NET also includes the continuing registration of the domain name anycollege.net, the maintenance of a website employing that name, and offering college-related computer database services, in connection with the phrase ANYCOLLEGE.NET. The schools listed on the anycollege.net website are actual or potential customers of CollegeNET. The students who use or are targets of the site are also targets of CollegeNET's websites and are intended users of the services offered on CollegeNET's websites.

16. For at least some colleges listed on the anycollege.net website that are clients of CollegeNET, Defendant has provided on-line application services on the anycollege.net website by directly linking into the relevant college application forms and account creation pages maintained by CollegeNET in its ApplyWeb® system.

COMPLAINT FOR TRADENAME AND
SERVICEMARK INFRINGEMENT,
FALSE DESIGNATION, AND
UNFAIR COMPETITION
Page 4

17. This linking has been effected through the use of framed web pages, which gives the appearance that the pages linked from CollegeNET's ApplyWeb® system are a part of the anycollege.net website, continually presenting a user of CollegeNET's account creation screen and on-line application accessed through Defendant's web site with a banner prominently displaying Defendant's ANYCOLLEGE.NET phrase, and giving the appearance that the ApplyWeb® system is provided by Defendant.

18. Defendant has also engaged in marketing activities, such as participation in trade shows among other activities, further offering its college-related computer database-based services under the ANYCOLLEGE.NET name.

19. By virtue of CollegeNET's United States Trademark Registration No. 2,045,384, Defendant had constructive notice of CollegeNET's rights in the COLLEGENET® mark at least as early as the date the registration issued.

20. On information and belief, Defendant also had actual notice of United States Trademark Registration No. 2,045,384.

21. On information and belief, Defendant also had actual notice of CollegeNET's use of the COLLEGENET servicemark and trade name.

22. Defendant has continued to offer ANYCOLLEGE.NET college-related computer database-based services both on the web and other marketing activities despite notice of United States Trademark Registration No. 2,045,384 and notice of CollegeNET's servicemark and trade name.

23. Defendant's activities with respect to marketing its college-related computer database-based services under the ANYCOLLEGE.NET name and mark are targeted at the same

classes of consumers as are CollegeNET's services marketed and sold under the COLLEGENET name and mark.

24. CollegeNET offers COLLEGENET® college-related computer database-based services in commerce in the United States.

25. Defendant offers ANYCOLLEGE.NET college-related computer database-based services in commerce in the United States.

26. Defendant's use of "ANYCOLLEGE.NET" for college-related computer database-based services is likely to cause confusion among consumers in the United States with regard to CollegeNET's COLLEGENET® college-related computer database-based services, both as to source of the services, and as to identity of company.

27. Both "ANYCOLLEGE.NET" and "COLLEGENET" consist in whole or in part of the term "COLLEGE" coupled with the second term "NET" immediately following "COLLEGE."

28. The terms "ANYCOLLEGE.NET" and "COLLEGENET" are phonetically similar.

29. The terms "ANYCOLLEGE.NET" and "COLLEGENET" are similar in appearance.

30. The terms "ANYCOLLEGE.NET" and "COLLEGENET" are similar in overall commercial impression.

31. Consumers and others familiar with CollegeNET's COLLEGENET® college-related computer database-based services are likely to assume incorrectly that the college-related computer database-based services marketed and sold under the ANYCOLLEGE.NET name

originated with CollegeNET, or that there is some type of affiliation between the parties, or that CollegeNET has sponsored, endorsed, or approved of Defendant's ANYCOLLEGE.NET-labeled college-related computer database-based services.

32. Alternatively, consumers and others familiar with COLLEGENET® college-related computer database-based services are likely to incorrectly confuse CollegeNET with Defendant, and assume that they are one and the same company.

33. Defendant, by virtue of its unauthorized use of the ANYCOLLEGE.NET name and mark, has infringed and is continuing to infringe CollegeNET's valuable servicemark rights in and to the COLLEGENET® mark, has unfairly competed with CollegeNET, and otherwise traded off the reputation and goodwill of CollegeNET and CollegeNET's services, and has caused confusion as to the identity of CollegeNET distinct from Defendant, to promote Defendant's own college-related computer database-based services.

34. The aforesaid acts of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to CollegeNET, to an extent not yet ascertained.

## COUNT I

(Infringement of Federally Registered Servicemark)

35. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 34, inclusive, with the same force and effect as if set forth fully herein.

36. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for infringement of a registered servicemark.

37. Defendant's unauthorized use of the ANYCOLLEGE.NET mark in connection with the sale, offering for sale, and advertising of its college-related computer database-based services has caused and is likely to cause confusion, mistake or deception as to the origin of Defendant's services, and to mislead consumers into believing that Defendant's services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by CollegeNET.

38. Defendant's activities constitute an infringement of CollegeNET's registered servicemark for COLLEGENET in violation of § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

39. Defendant's aforesaid acts of infringement have caused CollegeNET to sustain monetary damage, loss and injury, to an extent not yet ascertained.

40. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

41. Defendant's acts of infringement, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss and injury, for which CollegeNET has no adequate remedy at law.

## COUNT II

(Federal False Designation of Origin and False Representation)

42. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 41, inclusive, with the same force and effect as if fully set forth herein.

43. This cause of action arises under § 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, description and false representation, unfair competition and false advertising.

44. As the exclusive owner and user of the COLLEGENET® mark, CollegeNET possesses valuable common law rights to said mark and the goodwill appurtenant to it.

45. Defendant's unauthorized use of the ANYCOLLEGE.NET mark has caused its college-related computer database-based services to be offered in interstate commerce with a servicemark designation that falsely describes and represents that its services originate from, are affiliated with or connected with, or are licensed, sponsored, authorized, approved or sanctioned by CollegeNET and/or CollegeNET's services marketed and sold under the COLLEGENET® mark.

46. Defendant has made unauthorized use of one or more terms confusingly similar to COLLEGENET in a manner that violates § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

47. CollegeNET is also the owner of U.S. Trademark Registration No. 2,110,674, for the servicemark APPLYWEB, for "providing access to an interactive computer database in the field of colleges, universities and other educational facilities, computer programming for others, and computer services," first used in commerce in June 1996, and registered on November 4, 1997.

48. U.S. Registration No. 2,110,674 is incontestable pursuant to 15 U.S.C. § 1065.

49. APPLYWEB® is a name and mark by which CollegeNET brands its on-line college application system, and as a result of this branding, CollegeNET has built up considerable good will in its APPLYWEB® mark.

50. As the result of Defendant's unauthorized framing and linking directly into CollegeNET's ApplyWeb system, users have been presented with a screen containing Defendant's ANYCOLLEGE.NET phrase, in proximity with CollegeNET's APPLYWEB® mark, but with no indication that the ApplyWeb system is owned by CollegeNET.

51. As result of this proximity, Defendant has offered in interstate commerce a servicemark designation that falsely describes and represents that the APPLYWEB® services originate from, and are affiliated with or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Defendant, as opposed to CollegeNET.

52. Defendant's acts of false designation of origin, description and false representation, unfair competition and false advertising have caused CollegeNET to sustain monetary damage, loss and injury, to an extent not yet ascertained.

53. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

54. Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss and injury, for which CollegeNET has no adequate remedy at law.

## COUNT III

(Tradename infringement)

55. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 53, inclusive, with the same force and effect as if fully set forth herein.

56. For many years, CollegeNET has offered college-related computer-based database services under the tradename CollegeNET.

57. Defendant's subsequent unauthorized adoption and use of "ANYCOLLEGE.NET" as its tradename is likely to cause confusion to the public as to the identity of which company is offering a particular college-related computer-based database service.

58. Because of this likelihood of confusion, Defendant's continued unauthorized use of "ANYCOLLEGE.NET" as its tradename constitutes a violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

59. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

60. Defendant's acts of tradename infringement have caused CollegeNET to sustain monetary damage, loss and injury, to an extent not yet ascertained.

61. These acts, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss and injury, for which CollegeNET has no adequate remedy at law.

## COUNT IV

(Common law unfair competition and infringement)

62. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 59, inclusive, with the same force and effect as if fully set forth herein.

63. Defendants' actions described herein constitute common law servicemark and trade name infringement, and unfair competition.

# **PRAYER FOR RELIEF**

**WHEREFORE**, CollegeNET, respectfully prays for judgment as follows:

1. That Defendant, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Defendant who receive actual notice or knowledge of this injunction by personal service or otherwise, be preliminarily and permanently enjoined:

   a. From directly or indirectly using, preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting or otherwise exploiting any goods or services under the ANYCOLLEGE.NET name, or any other term similar to CollegeNET's COLLEGENET® mark so as to be likely to cause confusion, deception or mistake;

   b. From otherwise continuing to infringe upon CollegeNET's COLLEGENET® mark;

   c. From continuing to use "ANYCOLLEGE.NET" as a tradename of any sort, or to carry on business using the "ANYCOLLEGE.NET" name;

   d. From further using in connection with any goods or services, any false or deceptive designation or description, whether by words or other symbols or representations, which suggest or imply any relationship with CollegeNET and/or CollegeNET's services;

   e. From further unlawfully trading upon and appropriating the goodwill and the business reputation of CollegeNET and/or CollegeNET's services;

   f. From further engaging in any acts of unfair competition against CollegeNET and/or CollegeNET's services;

g. That Defendant refrain from any attempts to register the ANYCOLLEGE.NET name, or any other term similar to CollegeNET's COLLEGENET® mark so as to be likely to cause confusion, deception or mistake;

h. That Defendant surrender immediately the registration of the domain name anycollege.net to CollegeNET, and refrain from registering any domain name containing any term so similar to CollegeNET's COLLEGENET® mark so as to be likely to cause confusion, deception or mistake;

i. That Defendant refrain from any further linking into any computer system owned or operated by CollegeNET, including, but not limited to, CollegeNET's ApplyWeb® on-line database system; and

j. From in any way inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

2. That Defendant file with this Court and serve on CollegeNET in accordance with 15 U.S.C. § 1116, within 30 days after service on Defendant of such injunction (or such extended period as this Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which it has complied with this injunction.

3. That in accordance with 15 U.S.C. § 1118, Defendant deliver up to CollegeNET for destruction or other disposition all goods, labels, signs, prints, packages, wrappers, advertisements, business forms, letterheads and promotional materials bearing or displaying the ANYCOLLEGE.NET name, or any other term similar to CollegeNET's COLLEGENET® mark so as to be likely to cause confusion, deception or mistake, in Defendant's possession, custody or control (and to recall for such purpose any such products and materials in the possession, custody

or control of any other person), as well as any reproduction, counterfeit, copy or colorable imitation thereof.

4. That Defendant be required to immediately account to CollegeNET for all gains, profits and advantages derived from its wrongful acts.

5. That CollegeNET be awarded monetary relief arising out of Defendant's false designation of origin, servicemark infringement, tradename infringement, unfair competition, and other unlawful acts, in an amount to be determined according to proofs.

6. That because of the willful nature of said infringement and other acts as alleged above, and pursuant to 15 U.S.C. § 1117, the Court enter judgment for CollegeNET for three times the amount of said damages.

7. That in view of the knowing, willful, wanton and deliberate nature of Defendant's wrongful acts, CollegeNET be awarded a judgment that this case is an "exceptional case" under 15 U.S.C. § 1117 and that Defendant pay CollegeNET's costs and disbursements in this action, together with reasonable attorneys' fees.

8. For punitive damages to the extent permitted by law.

9. CollegeNET have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

CollegeNET hereby makes demand for a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues herein so triable.

Respectfully submitted,

Dated: May 2, 2006    By: _____
**Michael N. Zachary**, OSB #04120
Email: michael.zachary@klarquist.com
**Stephen J. Joncus**, OSB # 01307
Email: stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300
Facsimile: 503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*